IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:25-cv-1264

| | |
|---|---|
| JENNIFER LONDON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BEACON EDUCATION, INC., d/b/a GIRLS LEADERSHIP ACADEMY OF WILMINGTON, GIRLS LEADERSHIP ACADEMY OF WILMINGTON FOUNDATION, IHS CONSULTANTS, INC., and MORRIS POWELL,<br><br>　　　　Defendants. | **NOTICE OF REMOVAL** |

Pursuant to 29 U.S.C. § 1132(e), 28 U.S.C. §§ 1331, 1441, and 1446, Defendants Beacon Education, Inc. d/b/a Girls Leadership Academy of Wilmington[1] ("Beacon") and Girls Leadership Academy of Wilmington Foundation ("GLOW") (collectively referred to as "Defendants"), by and through undersigned counsel, hereby give notice of removal of the above-captioned action from the General Court of Justice, Superior Court Division, New Hanover County, North Carolina, and in support thereof, respectfully states as follows:

**Removal Jurisdiction**

1.　On or about May 27, 2025, Plaintiff Jennifer London ("Plaintiff") filed a Complaint in the General Court of Justice, Superior Court Division, New Hanover County, North Carolina, captioned *Jennifer London v. Beacon Education, Inc., d/b/a Girls Leadership Academy of*

---

[1] This entity is incorrectly identified in Plaintiff's First Amended Complaint. The correct name of this entity is Beacon Education, Inc. ("Beacon"). Moreover, Beacon is an improper party to this lawsuit. The First Amended Complaint was filed after GLOW's counsel advised Plaintiff's counsel of this fact; however, Plaintiff has thus far refused to dismiss Beacon from this lawsuit.

*Wilmington, IHS Consultants, Inc., and Morris Powell*, Case No. 25CV004161-640. (the "State Court Action").

2. Plaintiff obtained a Civil Summons addressed to Defendants on May 27, 2025.

3. On or about June 2, 2025, Plaintiff filed a First Amended Complaint in the State Court Action amending the caption to *Jennifer London v. Beacon Education, Inc., d/b/a Girls Leadership Academy of Wilmington, Girls Leadership Academy of Wilmington Foundation, IHS Consultants, Inc., and Morris Powell*.

4. Plaintiff obtained a Civil Summons addressed to Defendants GLOW and Beacon, on June 2, 2025.

5. Plaintiff filed an Affidavit of Service reflecting service of process of the First Amended Complaint and Civil Summons on GLOW and Beacon on June 4, 2025 and June 5, 2025, respectively.

5. True and accurate copies of all process, pleadings, and orders received by Defendants in the State Court Action are attached hereto as **Exhibit A**, as required by 28 U.S.C. § 1446(a).

6. The State Court Action is a civil action over which this Court has original and supplemental jurisdiction under 28 U.S.C. § 1331.

**Removal is Timely**

4. GLOW and Beacon, by and through the undersigned counsel, accepted service of the Summons and First Amended Complaint on June 4, 2025 and June 5, 2025, respectively.

5. In accordance with 28 U.S.C. § 1446(b), this notice of removal is being filed within 30 days of service on Defendants of the Summons and initial pleading setting forth the claims for relief upon which such action or proceeding is based.

## Original and Supplemental Jurisdiction

6. Removal is proper pursuant to 28 U.S.C. § 1441 because this is a civil action brought in a state court of which the district courts of the United States have original jurisdiction.

7. This Court has original jurisdiction of this Action under 28 U.S.C. § 1331, because Plaintiff alleges claims or causes of action which are completely preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 144(a).

8. ERISA's complete preemption arises when "plaintiff's state law claims come within the scope of ERISA's civil enforcement provision, found at § 502(a) of the Act and codified at 29 U.S.C. § 1132(a)." *Moon v. BWX Techs., Inc.*, 498 F. App'x 268, 272-73 (4th Cir. 2012). A claim falls within the scope of § 502 when a plan participant or beneficiary brings suit to, among other things, recover benefits, enforce rights conferred by an ERISA plan, remedy breaches, and enjoin violations of ERISA.

9. Plaintiff filed this lawsuit seeking long term disability benefits under a group policy delivered by Reliance Standard to GLOW.

10. The group policy was part of GLOW's employee welfare benefit plan.

11. GLOW's employee welfare benefit plan is governed by ERISA pursuant to its status as a 501(c)(3) corporation as evidenced by its Articles of Incorporation filed with the North Carolina Secretary of State and subsequent Articles of Amendment. True and accurate copies of the Articles of Incorporation and Articles of Amendment are attached hereto as **Exhibits B and C**, respectively.

12. A cause or causes of action filed in state court seeking recovery of benefits under an employee welfare benefit plan is removeable to federal court pursuant to 28 U.S.C. § 1441(c)

as an action arising under federal law. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66-67 (1987); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 55 (1987).

13. Thus, removal of the State Court Action in its entirety is proper pursuant to 28 U.S.C. § 1441(c), because where, as here, "a civil action includes –

(A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and

(B) a claim not within the original or supplemental jurisdiction of the district court . . . , the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

28 U.S.C. § 1441(c)(1).

## The Removal Procedures Have Been Satisfied

14. In light of the foregoing, removal of this case is proper pursuant to 28 U.S.C. § 1441.

15. The United States District Court for the Eastern District of North Carolina, Southern Division, is the United States District Court and Division in which the Action is pending. Venue is therefore proper in the United States District Court for the Eastern District of North Carolina pursuant to 28 U.S.C. § 1441(a).

16. As required by 28 U.S.C. § 1446(d), promptly after the filing of this Notice of Removal, Defendants will provide written notice thereof to all parties, and shall file a copy of this Notice of Removal with the Clerk of the Superior Court of Hanover County, North Carolina. A true and accurate copy of the Notice is attached as **Exhibit D**.

17. Defendants' response to Plaintiff's Complaint is not due until July 7, 2025. By filing this Notice of Removal, and as required under Fed. R. Civ. P. 81(c)(2), Defendants will respond to the Complaint within seven (7) days of filing this Notice, unless an extension of the deadline is properly obtained pursuant to this Court's procedures. This Notice of Removal does

not waive any objections Defendants may have to defects in process or service of process, jurisdiction, venue, or any other defenses.

WHEREFORE, Defendants respectfully request this case be removed to the United States District Court for the Eastern District of North Carolina.

Respectfully submitted, this the 27th day of June, 2025.

By: */s/ Aretina K. Samuel-Priestley*
Aretina K. Samuel-Priestley [N.C. Bar 53593]
Hannah Styron Symonds [N.C. Bar 28824]
Keisha Murray [N.C. Bar 56249]
O'HAGAN MEYER PLLC
301 S. McDowell Street – Suite 707
Charlotte, NC 28204
(704) 582-7900
tsamuel-priestley@ohaganmeyer.com
hsymonds@ohaganmeyer.com
kmurray@ohaganmeyer.com

*Counsel for Defendants Beacon Education, Inc. and Girls Leadership Academy of Wilmington Foundation*

# CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day filed the foregoing **NOTICE OF REMOVAL,** via the CM/ECF system which will send electronic notice to the following parties and/or counsel of record, and that the foregoing was also served via Certified U.S. Mail, addressed as follows:

>Kenneth R. Keller
>DAVIS HARTMAN WRIGHT LLP
>209 Pollock Street
>New Bern, NC 28560
>ken.keller@dhwlegal.com
>
>*Counsel for Plaintiff*

This the 27th day of June, 2025.

*/s/Aretina K. Samuel-Priestley*